IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | NO. 06-CR-115-1 |
| ISAEL SANCHEZ-MERCEDES | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                 **November 24, 2009**

Isael Sanchez-Mercedes asks this Court to grant his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.[1] Sanchez-Mercedes moves the Court to vacate or correct his sentence, or order an evidentiary hearing, on the grounds he received ineffective assistance of counsel in violation of his Sixth Amendment rights and he was denied due process at sentencing in violation of his Fifth Amendment rights. Because the Court finds counsel's representation was not deficient and Sanchez-Mercedes's Fifth Amendment rights were not violated, Sanchez-Mercedes's motion will be denied.

**FACTS**

On March 15, 2006, Sanchez-Mercedes was charged in a two-count indictment with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21

---

[1] The statute provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

1

U.S.C. § 846, and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). On September 25, 2006, the day Sanchez-Mercedes was scheduled for trial, he pled guilty to both counts.

During a lengthy colloquy, the Court informed Sanchez-Mercedes of the consequences of choosing to plead guilty instead of proceeding to trial. Specifically, the Court informed Sanchez-Mercedes that by pleading guilty he would waive his right to trial and his right to confront witnesses against him, and he would have limited rights to appeal or challenge his sentence. Additionally, the Court informed Sanchez-Mercedes of the mandatory minimum and potential maximum sentence he could receive as a result of conviction on the two charges. The Court explained to Sanchez-Mercedes his sentence was issued at the Court's discretion and he could not change his plea after sentencing. Sanchez-Mercedes stated he understood this information.

Once Sanchez-Mercedes affirmed his intent to plead guilty, the Assistant United States Attorney read into the record the evidence the Government would have presented at Sanchez-Mercedes's trial. This evidence included testimony by Carlos Baez, a government informant. The Government asserted Baez would have testified he had purchased between 30 and 40 kilograms of cocaine from Sanchez-Mercedes in 2005 and early 2006, and paid Sanchez-Mercedes between $9,000 and $19,500 per kilogram for the cocaine. The Government outlined the plan of Sanchez-Mercedes and his co-conspirators to transport a huge shipment of drugs from Mexico to Allentown, Pennsylvania, in the hidden compartment of a tour bus. The Government described Sanchez-Mercedes's role in the conspiracy, the roles his co-defendants played in the drug distribution scheme, and the circumstances surrounding Sanchez-Mercedes's arrest for this crime. At the end of the Government's recitation, the Court asked Sanchez-Mercedes if he objected to any of the factual

recitation. Sanchez-Mercedes had two objections; he said he was not swerving on the road when he was pulled over by police, and he said his nephew and co-defendant, Robert Carpio-Sanchez, had no involvement in the crime. Sanchez-Mercedes said he did not disagree with any other fact and certified to the Court that the information was accurate.

A few days after his guilty plea, Sanchez-Mercedes testified as a defense witness at the trial of Carpio-Sanchez, asserting Carpio-Sanchez was not involved in the drug distribution scheme. Despite Sanchez-Mercedes's testimony, the jury found Carpio-Sanchez guilty of conspiracy to distribute drugs.

At sentencing, Sanchez-Mercedes raised three objections to the Pre-Sentence Investigation Report ("PSIR") prepared by the Probation Office. He objected to a two-level increase for obstruction of justice, the failure to include a two-level reduction for his acceptance of responsibility and further one-point reduction for notifying the Government of his intention to plead guilty, and the absence of a two-level reduction to reflect his minor role in the conspiracy. In response, the Government argued an obstruction of justice increase was appropriate because Sanchez-Mercedes's testimony at his nephew's trial was tantamount to perjury. The Government also opposed any decrease for acceptance of responsibility and argued Sanchez-Mercedes's near-perjury at his nephew's trial precluded a finding he had accepted responsibility for his crime. The Government also argued a one-point decrease for timely notification of the defendant's intention to plead guilty was not appropriate because Sanchez-Mercedes did not announce his intent to plead guilty until the day his trial was scheduled to begin. Finally, the Government opposed any decrease for Sanchez-Mercedes's minor role in the offense, and argued instead Sanchez-Mercedes should receive a two-point increase because he had a leadership role in the criminal conspiracy.

The Court concluded a two-level increase for obstruction of justice was appropriate because, although Sanchez-Mercedes was not charged with perjury, he lied under oath at his nephew's trial by testifying his nephew was not involved in the conspiracy. The Court also concluded a two-level reduction for acceptance of responsibility was appropriate due to Sanchez-Mercedes's guilty plea. The Court found the instant facts were one of the extraordinary cases referenced in the notes to the Guidelines where both a two-level increase for obstruction of justice and a two-level reduction for acceptance of responsibility were appropriate. The Court held, because Sanchez-Mercedes did not commit perjury at his own trial, he had accepted responsibility for his actions, though he attempted to obstruct justice in the prosecution of his nephew. The Court found the additional one-point reduction for timely notification of his guilty plea was not warranted because Sanchez-Mercedes announced his decision to plead guilty on the day of his trial. The Court also held Sanchez-Mercedes was not a minor participant in the criminal conspiracy, but a leader. Due to his leadership role, as evinced by his understanding of the scope of the conspiracy and authority over other members of the conspiracy, the Court assessed a two-point increase. Additionally, the Court found this role made Sanchez-Mercedes ineligible for the Guidelines' safety-valve reduction.

After ruling on Sanchez-Mercedes's objections, the Court calculated the Sentencing Guidelines range for Sanchez-Mercedes at 292-365 months of imprisonment and three to five years of supervised release. In determining Sanchez-Mercedes's sentence, the Court considered the Guidelines range and the factors outlined in 18 U.S.C. § 3553(a). The Government asked the Court to take into consideration the large quantity of drugs involved and the sophistication of the drug distribution plan, and requested a 360-month sentence. Sanchez-Mercedes asked the Court to consider his advanced age, reputation as a hard-working family man, and absence of prior criminal

convictions to impose the statutory minimum of 10 years, a sentence below the Guidelines range.

In assessing the § 3553(a) factors, the Court considered the seriousness of the offense, the massive amount of drugs involved– 238 kilograms of cocaine–and the evidence this was not Sanchez-Mercedes's first involvement in drug distribution. The Court recognized Sanchez-Mercedes's lack of criminal history and his educational success, heard six witnesses testify to Sanchez-Mercedes's good character, and reviewed seven character evidence letters submitted on Sanchez-Mercedes's behalf. Despite evidence of his hard-working character and lack of criminal arrests or convictions, the Court found a variance from the Guidelines was not warranted. Ultimately, the Court found a sentence within the Guidelines was appropriate because of the seriousness and sophistication of the crime, Sanchez-Mercedes's role in the crime, and the large amount of drugs involved. The court noted the amount of drugs Sanchez-Mercedes was transporting far exceeded the highest amount of cocaine addressed by the Guidelines, 150 kilograms. On May 22, 2007, the Court sentenced Sanchez-Mercedes to 360 months of imprisonment on each count, to be served concurrently, and five years supervised release on each count, to be served concurrently.

On direct appeal, Sanchez-Mercedes argued his sentence was unreasonably harsh because it was "tantamount to a life sentence." *United States v. Sanchez-Mercedes*, 300 Fed. Appx. 181, 182 (3d Cir. 2008). He contended this Court failed to give adequate weight to mitigating factors, including his age and his status as a first-time offender. The Third Circuit held that Sanchez-Mercedes's sentence was reasonable and affirmed his sentence. *Id.*

**DISCUSSION**

Sanchez-Mercedes asks this Court to find his sentence was imposed "in violation of the

Constitution or laws of the United States." 28 U.S.C. § 2255(a). Specifically, Sanchez-Mercedes requests habeas relief for (1) ineffective assistance of counsel in violation of his Sixth Amendment rights, and (2) the violation of his Fifth Amendment due process rights at sentencing.

Under § 2255, a prisoner in custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if the sentence was imposed in violation of the Constitution or laws of the United States, exceeded the maximum sentence allowable by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Section 2255 permits habeas relief for an error of law or fact which constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Eakman*, 378 F.3d 294, 297 (3d Cir. 2004) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Generally, under the procedural default rule, only claims raised on direct appeal may be collaterally reviewed pursuant to a § 2255 motion. *United States v. Frady*, 456 U.S. 152, 165 (1982). However, claims not raised on direct appeal may be collaterally reviewed if the petitioner shows cause and actual prejudice. *Id.* at 167. This procedural default rule does not apply to claims of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Sanchez-Mercedes raised neither his ineffective assistance of counsel claim nor two of his three Fifth Amendment due process claims on direct appeal. Under *Massaro*, his ineffective-assistance claim is not barred because he failed to raise it on direct appeal. *Id.*

Sanchez- Mercedes first claims his counsel was ineffective during the sentencing phase of his trial because counsel failed to call all available character witnesses to testify. To establish counsel's representation was so ineffective as to violate the Sixth Amendment, a petitioner must demonstrate (1) his trial attorney's performance was deficient, and (2) he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies to a

lawyer's representation during both the plea and sentencing phases of a case. *See Wright v. Van Patten*, 552 U.S. 120, 124 (2008) (applying *Strickland* to a claim of ineffective assistance of counsel during plea hearing); *Jansen v. United States*, 369 F.3d 237 (3d Cir. 2004) (applying the *Strickland* test to a claim of ineffective assistance of counsel during the sentencing phase).

Counsel's performance is legally deficient if it falls below the objective standard of "reasonably effective assistance," as defined by "prevailing professional norms." *Bond v. Beard*, 539 F.3d 256, 285 (3d Cir. 2008) (quoting *Strickland*, 466 U.S. at 687-88). Counsel has broad discretion to make strategic decisions to best serve the interests of his client; therefore "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Thus, it is "only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." *Collins v. Meyers*, 77 Fed. Appx. 563, 565 (3d Cir. 2003) (citing *United States v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989).

During a recess in trial, Sanchez-Mercedes's attorney met with all nine of Sanchez-Mercedes's character witnesses. After speaking with each of them, counsel made the strategic decision to have only six character witnesses testify, while the others merely identified themselves for the record. Three of the character witnesses who testified stated they had known Sanchez-Mercedes for over forty years and knew him both in the United States and knew his family in his native country, the Dominican Republic. All witnesses testified to Sanchez-Mercedes's hard work and good character. Additionally, the Court reviewed and considered seven letters submitted to the Court in support of Sanchez-Mercedes. Sanchez-Mercedes's counsel certified he conferred with the additional three witnesses, but the additional testimony, while positive, would be redundant. There is no evidence this decision was unreasonable under the highly deferential *Strickland* standard.

7

Sanchez-Mercedes claims the witnesses selected to testify were weak, and counsel should have selected stronger witnesses. However, he makes no claim as to what additional character evidence these witnesses would have provided if they had testified. Where counsel made the strategic choice not to call redundant character witnesses, "confidence in the outcome shall not be undermined by mere speculation about what a witness might have said." *Gray*, 878 F.2d at 711. In the absence of specific allegations of additional material evidence these witnesses could have provided, there is no evidence counsel's decision not to call them was unreasonable.

Even if counsel's representation in this respect was deficient, Sanchez-Mercedes cannot meet the second *Strickland* prong, because he cannot establish counsel's decision to call only six character witnesses prejudiced him. This requires showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bond*, 539 F.3d at 285. There is no evidence the additional testimony of three additional character witnesses would have resulted in a different sentence for Sanchez-Mercedes. In determining Sanchez-Mercedes's sentence, the Court reviewed testimony by the other character witnesses and letters sent on Sanchez-Mercedes's behalf. The Court acknowledged "[a]ll of [the character witnesses who testified] clearly care a great deal about you and believe that you have the ability to be a productive member of society despite your current offense." Sent. Hr'g Tr. 12, May 22, 2007. However, the Court found character testimony was insufficient to support a sentence below the Guidelines in light of the amount of cocaine involved in this offense. Additional character testimony would not have altered the Court's decision to impose a sentence within the Guidelines. Thus, Sanchez-Mercedes's ineffective assistance of counsel claim fails the second prong of the *Strickland* test.

Sanchez-Mercedes asserts his Sixth Amendment right to counsel was violated by ineffective

assistance of counsel during his plea hearing. At Sanchez-Mercedes's plea hearing, the Government recited the evidence they would have introduced if Sanchez-Mercedes had proceeded to trial. This evidence included testimony by Carlos Baez, a government informant, that Baez had purchased between 30 and 40 kilograms of cocaine from Sanchez-Mercedes in 2005 and 2006, and paid Sanchez-Mercedes between $9,000 and $19,500 per kilogram for the cocaine. These purchases were unrelated to the instant crimes charged, and revealed Sanchez-Mercedes had been involved in prior criminal activity. Sanchez-Mercedes asserts counsel was ineffective for failing to file a motion to suppress these statements, claiming this evidence constituted unreliable hearsay and violated his Sixth Amendment right to confront witnesses against him.

When a defendant pleads guilty, he waives his constitutional right to confront his accusers. *United States v. Lessner*, 498 F.3d 185, 192 (3d Cir. 2007) (citing *Parke v. Raley*, 506 U.S. 20, 29 (1992)). Thus, in light of Sanchez-Mercedes's waiver of his Sixth Amendment confrontation right, a motion to suppress plea colloquy statements would have been futile. Moreover, a motion to suppress hearsay information would have been meritless because the confrontation clause applies only to trials; thus, hearsay evidence may be introduced during a plea hearing and at sentencing. *See United States v. Robinson*, 482 F.3d 244, 246 (3d Cir. 2007) (holding a defendant's confrontation rights were not violated by the admission of hearsay evidence at sentencing). Counsel cannot be found ineffective for failing to raise meritless claims. *Sistrunk v. Vaughn*, 96 F.3d 666, 669 (3d Cir. 1996).

Furthermore, after the Government's colloquy at Sanchez-Mercedes's plea hearing, the Court gave Sanchez-Mercedes the opportunity to object to any information the Government recited. Sanchez-Mercedes objected to two factual allegations, but did not object to the evidence of his

9

previous sales to Baez. At the end of the Government's factual recitation, the Court asked Sanchez-Mercedes whether everything the Government stated was "true and accurate." Plea Hr'g Tr. 54, Sept. 25, 2006. Sanchez-Mercedes said, "[Y]es, everything is so." Plea Hr'g Tr. 54. Sworn admissions of fact at a plea hearing are conclusively established and may not later be denied unless a petitioner presents a reasonable allegation as to why the facts should not be considered conclusive. *United States v. Dickler*, 64 F.3d 818, 823 n.7 (3d Cir. 1995). Where the guilty plea record is clear and the defendant agreed with the factual statement offered by the Government, the defendant cannot contest such factual information at sentencing or in a habeas petition. Accordingly, Sanchez-Mercedes's ineffective assistance of counsel claims fail.

Sanchez-Mercedes's third claim is that the Court abused its discretion at sentencing by considering erroneous information in violation of his Fifth Amendment due process rights. He argues the Court should not have considered evidence he previously sold drugs to Carlos Baez because this information was unreliable. Sanchez-Mercedes raised this objection during his sentencing hearing and on direct appeal.

This Court must consider whether there was an error and whether such error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Biberfield*, 957 F.2d 98, 102 (3d Cir. 1992) (citing *United States v. Addonizio*, 442 U.S. 178, 186 (1979)). A due process violation "may result from the method by which the sentence was determined, and not just from the ultimate sentence imposed." *United States v. Mannino*, 212 F.3d 835, 845 (3d Cir. 2000) (citing *United States ex rel. Jackson v. Myers*, 374 F.2d 707, 711 n.11 (3d Cir. 1967)). This means a "sentencing calculation may violate the due process clause of the Fifth Amendment if there is a possibility that the sentence imposed may have been based on legal or

factual error." *Mannino*, 212 F.3d at 846. To challenge a sentence on Fifth Amendment grounds, the record must show the court based its sentence on improper information. *Farrow v. United States*, 580 F.2d 1339, 1359 (9th Cir. 1978) (en banc); *see also Miller v. United States*, 779 F.2d 51 (6th Cir. 1985) ("When a claim of reliance upon false information is made, the sentence will be vacated if the information is false or unreliable and demonstrably made the basis for the sentence."). To validly claim his sentence violated his due process rights, Sanchez-Mercedes must establish both the challenged information was improper and the Court relied upon this improper information in imposing Sanchez-Mercedes's sentence. *Farrow*, 580 F.2d at 1359.

A court has wide latitude in what material it may consider in determining an appropriate sentence; however, its discretion is not limitless. *United States v. Berry*, 553 F.3d 273, 279-80 (3d Cir. 2009); 18 U.S.C. § 3661.[2] Information used as a basis for sentencing under the Guidelines must have sufficient indicia of reliability to support its probable accuracy and must be proved by a preponderance of the evidence. *United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007). The sentencing court may rely on unsworn evidence and hearsay. *United States v. Leekins*, 493 F.3d 143, 150 (3d Cir. 2007). Additionally, a court may base its sentence on facts not admitted by a defendant, nor found by a jury, as long as the facts are supported by a preponderance of the evidence. *Id.* at 148.

Sanchez-Mercedes's argument the Court erroneously relied on hearsay information at sentencing fails. Sanchez-Mercedes admitted the challenged information at his plea hearing, and

---

[2] The statute provides, in relevant part:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offenses which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

18 U.S.C. § 3661.

11

presents no reason to contest his sworn admission. Sanchez-Mercedes's admission of this fact at his plea hearing is sufficient indicia of reliability to support its accuracy.[3] Thus, this evidence was properly considered by the Court at sentencing using a preponderance of the evidence standard. Such consideration did not violate Sanchez-Mercedes's Fifth Amendment due process rights.

Sanchez-Mercedes's fourth claim asserts the Court violated his due process by assessing a two-level sentencing enhancement for obstruction of justice due to Sanchez-Mercedes's testimony at Carpio-Sanchez's trial.[4] Along with his fifth claim alleging the Court incorrectly applied the Guidelines by categorizing Sanchez-Mercedes as a leader in this crime. Sanchez-Mercedes raised both of these issues at his sentencing hearing, but did not raise either claim on direct appeal. Habeas review is an extraordinary remedy, and a § 2255 motion is not a substitute for a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). The failure to raise a Sentencing Guidelines issue on direct appeal constitutes a waiver of the issue. *United States v. Essig*, 10 F.3d 968, 977 (3d Cir. 1993). Such a waiver is not set aside unless a petitioner can establish cause for the default and actual prejudice as a result of the default. *Mannino*, 212 F.3d at 839. The "cause" standard requires the petitioner show "some objective factor external to the defense" impeded counsel's efforts to raise the claim. *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007).

Sanchez-Mercedes explains he did not raise these two Fifth Amendment claims on direct appeal because his counsel refused to raise them, despite Sanchez-Mercedes's request. Cause is not

---

[3] Indeed, although the Court could not consider it at sentencing, in the brief supporting his § 2255 petition Sanchez-Mercedes conceded he sold drugs to Baez. Petr.'s Br. 10

[4] In Sanchez-Mercedes's petition, he disputes the Court's reliance on "information that petitioner was dishonest when he testified [at] co-defendant Carpio-Sanchez['s trial]." Because Sanchez-Mercedes is proceeding pro se, the Court has liberally construed this claim as an objection to the obstruction of justice sentencing enhancement he received.

supported by the mere failure of petitioner or petitioner's counsel to appeal. *Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002) (citing *Murray v. Carrier*, 477 U.S. 478, 486 (1986) ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.")). In this case, Sanchez-Mercedes claims his counsel recognized these two areas of potential appeal but refused to raise them on direct appeal. Sanchez-Mercedes does not argue his appellate counsel was ineffective for failing to raise these claims on direct review; instead, he argues the Court abused its discretion and improperly applied the Sentencing Guidelines. In light of Sanchez-Mercedes's challenge to the Court's action -not his attorney's inaction- he has not established cause to excuse his procedural default in failing to raise these claims on direct appeal.[5] Because Sanchez-Mercedes cannot excuse his procedural default, it is unnecessary to determine whether he has shown he suffered actual prejudice. *See United States v. Pelullo*, 399 F.3d 197, 223-24 (3d Cir. 2005).

Even if Sanchez-Mercedes had established cause and prejudice necessary to permit collateral review of his § 2255 claim, the Court did not err in assessing a two-level sentencing increase for obstruction of justice. Section 3C1.1 of the United States Sentencing Guidelines permits a two-level increase if a defendant willfully obstructed the prosecution of the defendant's instant offense or an

---

[5] Even if Sanchez-Mercedes's allegations were liberally construed to find he raised an allegation of ineffective assistance of counsel, his counsel's actions would not be unreasonable in light of the broad discretion a Court must grant counsel pursuant to *Strickland*. It is well-established that counsel exercises discretion in determining which issues to pursue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (indicating there is nothing to suggest "the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points"). The *Jones* Court found counsel needs to exercise professional judgment regarding which issues to raise on appeal to avoiding "runn[ing] the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions." *Id.* at 753. Thus, it is not unreasonable for counsel to override the wishes of his client when determining which issues to raise on appeal.

offense that is related. USSG § 3C1.1. The notes to this provision list perjury as an example of conduct "obstructing or impeding the administration of justice." USSG § 3C1.1, cmt. n. 4. The Court thus appropriately considered Sanchez-Mercedes's false testimony at his co-defendant's trial in assessing a two-level sentencing increase under § 3C1.1.

Sanchez-Mercedes's fifth claim, alleging the Court incorrectly applied § 3B1.1(c) of the Guidelines also fails on the merits. Section 3B1.1 instructs a court to impose a two-level increase in cases where the defendant was an organizer, leader, manager, or supervisor in any criminal activity. USSG § 3B1.1. An increase for leadership in criminal activity is not evaluated in terms of an offender's criminal record, but by examining the convicted defendant's role in the instant crime. At Sanchez-Mercedes's plea hearing, the Government recited facts which revealed he organized the drug conspiracy and directed the activities of other co-conspirators. Sanchez-Mercedes admitted to these facts at his plea hearing. Sanchez-Mercedes objected to being classified as the leader of this drug distribution conspiracy, citing his lack of criminal history, but uncontradicted facts show Sanchez-Mercedes had previously sold cocaine. This evidence helped reinforce his leadership role in the instant offense. The Court appropriately relied on information provided by Baez, as well as Sanchez-Mercedes's admission of the facts recited by the Government at his plea colloquy, in applying § 3B1.1. Sanchez-Mercedes's allegation the Court violated his Fifth Amendment due process rights by considering unreliable evidence at sentencing thus fails.

Sanchez-Mercedes requests an evidentiary hearing on his claims. The question of whether to hold an evidentiary hearing to review Sanchez-Mercedes's claims is within this Court's discretion. *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). In exercising this discretion, "the Court must order an evidentiary hearing to determine the facts unless the motion and files and records of

the case show conclusively that the movant is not entitled to relief." *Id.* at 42. An evidentiary hearing is not necessary here because the motion, files, and records of this case conclusively demonstrate Sanchez-Mercedes is not entitled to § 2255 relief.

For the foregoing reasons, Sanchez-Mercedes's motion to vacate, set aside, or correct sentence will be DENIED. An appropriate order follows.