IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 06-115-1 |
| | : | |
| ISAEL SANCHEZ-MERCEDES | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                     **September 29, 2020**

Pro se Defendant Isael Sanchez-Mercedes, who is currently serving a 287-month term of incarceration, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Sanchez-Mercedes asserts the coronavirus disease 2019 (COVID-19) pandemic and his medical condition placing him at an increased risk of severe illness from the virus, are extraordinary and compelling circumstances justifying his release. The Government opposes Sanchez-Mercedes's motion, citing his failure to satisfy the exhaustion requirement in § 3582(c)(1)(A). Because Sanchez-Mercedes has not exhausted his administrative remedies, the Court will deny his motion for compassionate release without prejudice.

**BACKGROUND**

On September 25, 2006, Sanchez-Mercedes pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). On May 22, 2007, the Court sentenced Sanchez-Mercedes to 360 months' imprisonment. On April 6, 2016, the Court reduced his sentence to 287 months, effective November 1, 2015. Sanchez-Mercedes is serving his sentence at Federal Correctional Institution (FCI) Loretto. His anticipated release date is October 20, 2026.

Since Sanchez-Mercedes's sentencing much has changed. Due to COVID-19, a novel and highly contagious respiratory virus, the United States (and the world) has confronted a rapidly changing public health crisis that has reached the scale of a global pandemic. *See WHO characterizes COVID-19 as a pandemic*, World Health Org. (Mar. 11, 2020), https://www.who.int/emergencies/diseases/novel-coronavirus-2019/events-as-they-happen.     In early April 2020, Sanchez-Mercedes's case manager informed him that he was being considered for home confinement due to the ongoing COVID-19 pandemic. A few days later, the same case manager told Sanchez-Mercedes he was denied home confinement due to prior incident reports. On April 28, 2020, Sanchez-Mercedes wrote a letter to the warden at FCI Loretto requesting further information on his denial of release to home confinement. *See* Def.'s Supp. Motion 11, June 12, 2020, ECF No. 243. In that letter, Sanchez-Mercedes did not make a request for a reduction of his sentence or compassionate release.

On May 6, 2020, Sanchez-Mercedes filed the instant motion for release from custody pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] He seeks two forms of relief: (1) immediate release to home confinement or (2) a reduction of his sentence to time served. He argues he presents an extraordinary and compelling reason for this relief because his medical conditions make him vulnerable to COVID-19 while he is incarcerated at FCI Loretto.

Sanchez-Mercedes is 63 years old and suffers from a back condition. He lists several medications for pain management and is scheduled for surgery to treat his back condition. The Government does not address the merits of Sanchez-Mercedes's motion including whether his

---

[1] Through June and July 2020, Sanchez-Mercedes also filed three other motions and a letter requesting the same relief. *See* Def.'s Mots. for Home Confinement and Compassionate Release, ECF Nos. 241, 242, 243, 245, & 246. As a result, the Court addresses these motions in this Memorandum as well.

back condition presents an extraordinary and compelling reason for his release. Instead, the Government argues Sanchez-Mercedes has not exhausted his administrative remedies by requesting compassionate release from the warden at FCI Loretto or the Bureau of Prisons (BOP).

**DISCUSSION**

Because Sanchez-Mercedes has not exhausted his administrative remedies, the Court will deny his motion without prejudice. Sanchez-Mercedes may refile his motion after he satisfies the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A).

The Court may grant a sentence reduction if, "after considering the factors set forth in section 3553(c) to the extent that they are applicable, it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that reduction is consistent with applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(1)(A). Before consideration of such a request, however, the defendant must exhaust the administrative remedies available to him. Specifically, pursuant to 18 U.S.C. § 3582(c)(i)(A), the Court may only modify a term of imprisonment upon motion of the defendant after the defendant either (1) exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf or (2) requested compassionate release from the warden and waited 30 days for a response.

The exhaustion requirement is not waivable. *See United States v. Raia*, 954 F.3d 594 (3d Cir. 2020). The Third Circuit has stated that failure to wait 30 days to allow the BOP to consider the defendant's request "presents a glaring roadblock foreclosing compassionate release." *Id*. at 597. The Third Circuit has also instructed that the strict compliance to the exhaustion requirement should not be relaxed in light of the COVID-19 pandemic. *See id*.

Sanchez-Mercedes has made no showing that he requested compassionate release from the warden or appealed the BOP's failure to bring a motion for compassionate release on his behalf.

The Court does not treat lightly the risks COVID-19 poses to the health of prison inmates; however, Sanchez-Mercedes has failed to make the threshold step of requesting compassionate release from the warden of FCI Loretto or exhausting the administrative appeals of the BOP's failure to bring a motion on his behalf.[2] Because the Court must strictly comply with the exhaustion requirement, Sanchez-Mercedes's motion will be denied.[3]  *See United States v. Wilson*, No. 14-209, 2020 WL 1975082, at \*4 (E.D. Pa. Apr. 24, 2020) (denying compassionate release motion for failure to exhaust administrative remedies by requesting compassionate release from warden or BOP).

**CONCLUSION**

In sum, in the absence of a request to the BOP or the warden of FCI Loretto for compassionate release, Sanchez-Mercedes has not exhausted administrative remedies as statutorily required before seeking compassionate release by the Court. Until he directs his request to the BOP or warden at FCI Loretto and waits 30 days, the Court must deny the motion without prejudice. Sanchez-Mercedes may renew his motion after satisfying the exhaustion requirement in § 3582(c)(1)(A).

An appropriate order follows.

---

[2] In a supplemental motion, Sanchez-Mercedes attached a copy of an April 28, 2020, letter to the warden to demonstrate he made the proper request to the BOP for release. Def.'s Supp. Motion 11, ECF No. 243. Yet, in that letter, he makes no mention of compassionate release. Rather, he appears to make an inquiry into an ongoing matter regarding release to home confinement. *See id.* ("Please write me back ASAP as I have already signed my release papers but was recently told that I would not be leaving.").

[3] The Court also notes it is without authority to address Sanchez-Mercedes's request for a transfer to home confinement. *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."); *see also United States v. Powell*, No. 15-496-4, 2020 WL 2848190, at \*2 n.5 (E.D. Pa. June 2, 2020) ("[T]o the extent that [the defendant] seeks to appeal the prison's denial of home confinement, such decision is not reviewable by this Court." (internal citation omitted)).

BY THE COURT:


 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.